# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LACHA MCDONALD, | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 08-096-JHP-SPS |
| LAWRENCE LANGLEY, et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

This action is before the court on the defendants' motions to dismiss and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The court has before it for consideration plaintiff's complaint [Docket #1], the defendants' motions [Docket #24, #29, and #41], plaintiff's responses [Docket #30, #34, and #42], and the defendants' replies [Docket #33, #37, and #45].

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Howard McLeod Correctional Center in Atoka, Oklahoma, brings this action under 42 U.S.C. § 1983 with pendant tort claims, seeking monetary damages for alleged constitutional violations arising from his conviction and sentence in Cherokee County District Court Case No. CF-1997-99 for First Degree Rape. The defendants are Lawrence Langley, Cherokee County Assistant District Attorney; the Cherokee County District Attorney's Office; the Oklahoma Indigent Defense System (OIDS); Stephanie Phipps, plaintiff's defense counsel in CF-1997-99; and Cherokee County.

Plaintiff alleges his plea agreement in CF-1997-99, which was negotiated by defense counsel Stephanie Phipps and the Cherokee County District Attorney's Office, resulted in

an unconstitutional sentence. He contends Ms. Phipps was ineffective in her legal representation regarding the plea agreement, by failing to consult with him and prepare for court proceedings. The plea agreement stated that plaintiff would enter a guilty plea, and the prosecution would recommend a term of ten years' imprisonment, with five years suspended and dismissal of the Second Page of the Information. Plaintiff was sentenced on August 11, 1997, and he was delivered to the DOC to serve the first five years of his sentence. On or about May 18, 2000, he discharged the non-suspended portion of the sentence and was released to serve the remaining five years on probation. He quickly violated the terms and conditions of his probation, however, and on December 21, 2000, the suspended portion of the sentence was revoked and he again was incarcerated in the DOC. He discharged his sentence for this conviction on March 19, 2004.

While serving the revoked portion of CF-1997-99, plaintiff learned about the provisions of Okla. Stat. tit. 22, § 991a, which prohibit suspended sentences for felons with multiple prior felonies. He now claims he was punished twice for the same offense, and the suspended portion of the sentence was facially void under § 991a. He filed applications for post-conviction relief in 2003 and 2007, and on October 15, 2007, the Cherokee County District Court granted plaintiff's request to vacate the suspended portion of his sentence. The term of his incarceration, therefore, was altered from ten years with five years suspended, to ten years' incarceration. He is claiming in this lawsuit that he was harmed by receiving the benefit of a suspended sentence to which he was not entitled.

**Defendants Lawrence Langley and Cherokee County District Attorney's Office**

Defendants Lawrence Langley and the Cherokee County District Attorney's Office have filed a motion to dismiss, alleging Langley, as Cherokee County Assistant District

Attorney, is entitled to absolute prosecutorial immunity. A prosecutor possesses prosecutorial immunity from § 1983 lawsuits for damages which are predicated on his performance of functions "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993). The doctrine of absolute immunity extends to a prosecutor's conduct of plea bargain negotiations, because of "its intimate association with the judicial process." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1492 (10th Cir. 1991) (citing *Hammond v. Bales*, 843 F.2d 1320, 1321-22 (10th Cir. 1988); *Taylor v. Kavanagh*, 640 F.2d 450, 453 (2d Cir. 1981)). Therefore, Defendant Langley is immune from this suit.

Defendant Cherokee County District Attorney's Office alleges that, pursuant to Okla. Stat. tit. 19, § 215.1, it is an arm of the State of Oklahoma, so plaintiff's claims are barred by the Eleventh Amendment. The immunity to suit in federal courts afforded by the Eleventh Amendment applies not only to the State, but also to its instrumentalities and officers acting in their official capacities. The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It is well established that under the Eleventh Amendment, sovereign immunity prohibits federal courts from entertaining suits against states brought by their own citizens or citizens of another state without their consent. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). This rule extends to state agencies functioning as an arm of the state. *Mt. Healthy City School Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977). Therefore, plaintiff's claim against the Cherokee County District Court is barred.

3

**Defendant Oklahoma Indigent Defense System**

Defendant Oklahoma Indigent Defense System (OIDS) also has moved for dismissal of plaintiff's civil rights claims, based on the Eleventh Amendment. As an agency of the State of Oklahoma, *see* Okla. Stat. tit. 22, § 1355, OIDS is entitled to claim Eleventh Amendment immunity from suit in federal court. *See Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1256 (10th Cir. 2007). *See also Harris v. Champion*, 51 F.3d 901, 908 (10th Cir. 1995) (holding that OIDS is a state agency entitled to Eleventh Amendment immunity on damage claims).

**Defendant Stephanie Phipps**

Defendant Stephanie Phipps, an attorney contracted with OIDS, was appointed to represent plaintiff on the rape charge. Plaintiff alleges Phipps was ineffective in failing to confer with him and prepare his witness list. Ms. Phipps allegedly advised plaintiff that he would be convicted and would be sentenced to more than ten years if he went to trial, because of his prior felony convictions. He, therefore, entered into a plea that included a suspended portion of his sentence that was contrary to state law.

Court-appointed lawyers usually are not considered state actors for section 1983 purposes. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981). Defendant Phipps, therefore, is not liable for an alleged § 1983 civil rights violation. While public defenders are not immune from liability with regard to alleged conspiratorial action with state officials to deprive a criminal defendant of his federal constitutional rights, *see Tower v. Glover*, 467 U.S. 914, 920-21 (1984), the court finds plaintiff's allegations of a conspiracy between Ms. Phipps and state officials are unsupported and conclusory.

Plaintiff's malpractice claim against Defendant Phipps is based on the fact that she

4

obtained a better result for him than the law allowed, because he was not eligible for the suspended portion of his sentence. In his application for post-conviction relief, plaintiff sought vacation of the allegedly "illegal suspended portion" of his sentence, but elected "to stand on his guilty plea of the charge of Rape--First Degree." In granting relief, the state district court upheld plaintiff's ten-year sentence, but altered it from ten years' incarceration with five suspended, to ten years' incarceration.

Defendant Phipps alleges plaintiff's legal malpractice claim is barred by the statute of limitations, and plaintiff has not refuted this defense.

> "An action for legal malpractice is an action for tort and is governed by the two-year statute of limitation found in Okla. Stat. tit. 12, § 95 (2001)." *Stephens v. General Motors Corp.*, 905 P.2d 797, 798 (Okla. 1995). A cause of action for legal malpractice accrues when a litigant can maintain an action to a successful conclusion. *Marshall v. Fenton, Fenton, Smith, Reneau & Moon, P.C.*, 899 P.2d 621, 623 (Okla. 1995). The statute of limitations on such actions begins to run after the alleged tortious act has occurred and the plaintiff has suffered damages. *Id.* at 624.

*Mahorney v. Waren*, 60 P.3d 38, 40 (Okla. Ct. App. 2002).

In *Mahorney* the plaintiff was convicted of First Degree Murder and sentenced on December 5, 1996. *Id.* at 39. He filed his legal malpractice action on October 16, 2000, alleging his attorney negligently represented him in his criminal trial. *Id.* In finding the claim was time barred, the court held "the statute of limitations on any claim for damages [Mahorney] suffered as a result of his trial counsel's alleged malpractice--the damages being [Mahorney's] conviction and incarceration--began to run when [Mahorney] was sentenced for his crime on December 5, 1996. *Id.* at 40. "The [] claim filed on October 16, 2000, came well after the two year limitation period had expired." *Id.*

Under this analysis, plaintiff's legal malpractice claim began to run on August 11,

5

1997, when he entered his guilty plea and was sentenced. This lawsuit, filed on March 10, 2008, came more than eight years too late.

**Defendant Cherokee County**

Plaintiff also has sued Cherokee County. "Municipal entities and local governing bodies are not entitled to the traditional common law immunities for § 1983 claims." *Moss v. Kopp*, ___ F.3d ___, No. 07-4098, 2009 WL 692832, at *9 (10th Cir. Mar. 18, 2009) (citing *Whitesel v. Sengenberger*, 222 F.3d 861, 870 (10th Cir. 2000)). "[U]nlike various government officials, municipalities (*e.g.*, local officials in their official capacity and counties, among others) do not enjoy absolute immunity from suit under § 1983. *Id.* (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 165-66 (1993)).

> To establish a claim for damages under § 1983 against municipal entities or local government bodies, the plaintiff must prove (1) the entity executed a policy or custom (2) that caused the plaintiff to suffer deprivation of constitutional or other federal rights. *Whitesel*, 222 F.3d at 870. That is, "'a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.'" *Leatherman*, 507 U.S. at 166 (quoting *Monell v. New York City Dep't of Social Serv.*, 436 U.S. 658, 691 (1978)).

*Moss*, ___ F.3d at ___, 2009 WL 692832 at *9.

Here, the court finds plaintiff has failed to make the required showing for imposing liability on Cherokee County.

**Tort Claims**

The defendants assert that because plaintiff has failed to comply with the notice requirements of the Governmental Tort Claims Act (GTCA), Okla. Stat. tit. 51, § 151, his pendant negligence claims must be dismissed. Plaintiff admits he did not know he had to follow the provisions of the GTCA, but alleges he since has notified the proper authorities

6

of his claim, pursuant to Okla. Stat. tit. 51, § 156(H). Section 156(H) of the GTCA is inapplicable, however, so plaintiff's claims for negligence are barred. The statute provides:

> For purposes of claims based on wrongful felony conviction resulting in imprisonment provided for in Section 154 of this title, loss occurs on the date that the claimant receives a pardon based on actual innocence from the Governor or the date that the claimant receives judicial relief absolving the claimant of guilt based on actual innocence . . . .

Okla. Stat. tit. 51, § 156(H).

Plaintiff's sentence was amended to vacate the five-year suspended portion. He was not found to be actually innocent of the crime. Therefore, he failed to file a timely tort claim pursuant to the GTCA, and his tort claims are barred.

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals has consistently held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis

7

either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous.

**IT IS SO ORDERED** this 30th day of March 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma